NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERAN SMITH,                          )
                                      )
                    Plaintiff,        )        Case No. 2:21-cv-12811-SRC-AME
          v.                          )
                                      )
AMAZON.COM SERVICES, INC. AND         )
JOHN DOES,                            )        **OPINION**
                                      )
                    Defendants.       )
                                      )
_____   )

**CHESLER**, District Judge

This matter comes before the Court on the motion to compel arbitration and dismiss the action brought by Defendant Amazon.com Services LLC (named in the Complaint as Amazon.com Services, Inc.) ("Amazon").  Plaintiff Geran Smith has had the opportunity to, but has not, opposed the motion.  The Court proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will grant Defendant's motion and dismiss the action.

Defendant filed the instant motion on December 23, 2021 with an original return date of January 18, 2022.  (ECF No. 18)  On January 6, 2022, Smith, with Defendants' consent, requested an extension of the briefing schedule, which the Court granted.  (ECF No. 19–20.)  On January 23, 2022, Smith sought a second extension to the briefing schedule.  (ECF No. 24.)  Pursuant to this modified briefing schedule, which was so ordered by the Court, Smith's opposition was to be filed on or before February 23, 2022.  (ECF No. 24)  Defendant could file a reply, if any, on or before March 23, 2022.  (*Id.*)  As of today's date, Smith has not submitted any briefing concerning

Defendant's motion, notwithstanding his requests for (and receipt of) multiple extensions to the briefing schedule.  Accordingly, the Court considers Defendant's motion unopposed.

On September 12, 2016, Smith applied and was hired for a driver position with Same Day. (Declaration of Laytisha Collins-Smith ("Collins-Smith Decl.") ¶ 4.)  Same Day employs drivers to deliver products for a number of third-party businesses, among which includes Amazon. (Compl. ¶ 10.)  As a driver for Same Day, Smith delivered products for several Same Day clients, including Amazon.  (*Id.* ¶ 5.)

In connection with his employment,  Smith entered into an arbitration agreement (the "Agreement"), which, in relevant part provides:

> In consideration of my assignment/employment with the Same Day Delivery Inc. ("Company") . . . I agree that any and all controversies, claims, or disputes with anyone . . . arising out of, relating to, or resulting from my assignment and/or employment with the Company or the termination of my assignment or employment with the Company . . . shall be subject to binding arbitration under the Federal Arbitration Act [(the "FAA")] and pursuant to New York law.

> Disputes which I agree to arbitrate, and thereby agree to waive any right to a trial by jury, include . . . [disputes under] labor and wage statutes, regulations, decisional law and ordinances, human rights, fair employment, contract and tort laws . . . .

(Collins-Smith Decl., Ex. A.)

On June 22, 2021, Smith filed the instant suit against Amazon which seeks recovery of unpaid wages and tips in violation of the New Jersey Wage Payment Law ("NJWPL") and New Jersey Wage and Hour Law ("NJWHL") and asserts the tort of civil conversion for withholding allegedly owed wages and tips.  (Compl. ¶¶ 25-29, Count I-IV.)

The Agreement by its express terms makes clear that "any and all controversies, claims, or disputes with anyone . . . arising out of, relating to, or resulting from my assignment and/or employment with the Company shall be subject to binding arbitration under the [FAA]."  (Collins-

Smith Decl., Ex. A.)  The FAA applies where a "written provision in . . . a contract evidencing a transaction involving commerce" states that the parties will "settle by arbitration."  9 U.S.C. § 2. A party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties . . . ."  9 U.S.C. § 4.  "Arbitration under the [FAA] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit."  *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)*.*  The Agreement evinces Same Day's and Smith's intent to enter into an agreement requiring arbitration of various claims which Smith may bring in connection with his employment.

Moreover, there is no doubt here that the Arbitration Agreement covers each of Smith's claims, given that the Agreement extends to "all" claims related to his employment with Same Day, including claims under "labor and wage statutes."  (Collins-Smith Decl., Ex. A.)  Each of Smith's claims is within the scope of the Arbitration Agreement.  *See Essex v. Children's Place, Inc.*, 2017 WL 6000347, at *6 (D.N.J. Dec. 4, 2017) (compelling arbitration of wage and hour claims under NJWHL); *Jones v. Dish Network LLC*, 2013 WL 6169215, at *4, 5 (App. Div. Nov. 26, 2013) (enforcing arbitration provision covering "any claim, controversy and/or dispute . . . arising out of and/or in any way related to" plaintiff's employment as "unambiguously worded").

Further, Amazon may, as a third-party beneficiary of the Agreement, enforce the Agreement's terms.  The plain language of the Arbitration Agreement unambiguously mandates arbitration of all employment-related disputes brought against "anyone."  That language reflects the mutual intention of Same Day and Smith to permit third parties, such as Amazon, to enforce

3

the Arbitration Agreement where claims related to Smith's employment are asserted against them. *See, e.g.*, *Lowery v. Amazon Logistics, Inc.,* No. GLO-L-349-21 (Law Div. September 10, 2021) (enforcing arbitration agreement where defendant was a third-party beneficiary of the agreement and the agreement required arbitration of claims against "clients"); *Gomez v. PDS Tech, Inc.*, 2018 WL 1871461, at *4 (D.N.J. Apr. 19, 2018) (granting motion to compel arbitration of non-signatory defendants where the agreement recognized the rights of third-parties, but did not "expressly name" the defendants).

In sum, Smith has not provided the Court any reason by which it should disregard the Agreement's clear terms. Because it is undisputed that the action is covered wholly by the arbitration provisions provided for in the Agreement, the Court will grant Defendant's motion and dismiss the action with prejudice. *See Seus v. John Nuveen & Co., Inc.,* 146 F.3d 175, 179 (3d Cir.1998) ("If all claims involved in the action are arbitrable, a court may dismiss the action instead of staying it."). An appropriate Order will issue.

   /s/ Stanley R. Chesler
HON. STANLEY R. CHESLER
United States District Judge

Dated: April 4, 2022